Alexander J. Taylor (Cal. Bar No. 332334)
**SULAIMAN LAW GROUP LTD.**
2500 South Highland Avenue,
Suite 200
Lombard, Illinois 60148
Telephone: (630) 537-1770
ataylor@sulaimanlaw.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

RANDY E. DEVINE,

Plaintiff,

v.

DIVERSIFIED ACCEPTANCE CORPORATION d/b/a M. LEONARD & ASSOCIATES,

Defendant.

Case No. 2:21-cv-04156

**COMPLAINT FOR DAMAGES**

1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.***
2. **VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 *et seq.***

**JURY TRIAL DEMANDED**

**NOW COMES** Plaintiff, RANDY E. DEVINE, through his undersigned counsel, complaining of Defendant DIVERSIFIED ACCEPTANCE CORPORATION d/b/a M. LEONARD & ASSOCIATES as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

## PARTIES

5. RANDY E. DEVINE ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Lancaster, California.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. DIVERSIFIED ACCEPTANCE CORPORATION d/b/a M. LEONARD & ASSOCIATES ("Defendant") is a corporation organized and existing under the laws of the state of California.

8. Defendant maintains its principal place of business at 14044 Ventura Blvd Suite 100 Sherman Oaks, California 91423.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

11. On or around April 2016, Plaintiff received medical services from North Valley Orthopedic Institute and accrued a balance ("subject debt").

12. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(6).

13. In late 2018, the subject debt was placed with Defendant for collection.

14. In middle of 2020, Plaintiff placed a call to the collector to inquire about the subject debt.

15. Plaintiff offered to settle the account for a lesser amount because he believed that Defendant was unfairly adding high amounts of interest to subject debt.

16. Defendant did not accept the settlement offer and demanded that the balance be paid in full.

17. In early 2021, Plaintiff's wife, Mrs. Devine, made a call to Defendant to inquire about the subject debt.

18. Mrs. Devine then told Defendant that her husband was covered by medical insurance and believed that they should have covered the bill.

19. Defendant explained to Mrs. Devine that insurance did cover a portion of the bill, but not the full amount.

20. Confused as to why insurance did not cover more of the subject debt, Mrs. Devine asked Defendant if she could speak with North Valley Orthopedic Institute, who provided the initial medical service to Plaintiff.

21. Defendant stated Mrs. Devine was not allowed speak with the North Valley Orthopedic Institute as the debt is now in their office for collection and for this reason, she could only work them directly.

22. In early March, Plaintiff received a letter from the Defendant, dated February 26, 2021, validating the debt ("Defendant's Letter").

23. Defendant's Letter depicted, in pertinent part, as follows:

**m. leonard & associates**

A PROFESSIONAL COLLECTION CORPORATION

14044 VENTURA BLVD., SUITE 100 • SHERMAN OAKS, CA 91423
*MAIL TO P.O. BOX 2339 • VAN NUYS, CA 91404*
TELEPHONE (818) 908-8500 • TOLL FREE (800) 346-6200 • FAX (818) 785-2384

RANDY DEVINE 02/26/21

2113 E NEWGROVE ST
LANCASTER CA 93535

CLS
RE: NORTH VALLEY ORTHOPEDIC INSTIT
OUR FILE NO.: 0005006689 111 R18

| | | |
|---|---|---|
| PRINCIPAL: | $ | 860.79 |
| INTEREST: | $ | 434.88 |
| COURT COSTS: | $ | 0.00 |
| ATTORNEY FEES: | $ | 0.00 |
| JUDGMENT INTEREST: | $ | 0.00 |
| CURRENT BALANCE: | $ | 1,295.67 |

ENCLOSED IS THE ITEMIZATION OF YOUR ACCOUNT.

WE ARE WITHHOLDING FURTHER COLLECTION EFFORTS UNTIL 03/15/21 TO ALLOW YOU TIME TO REVIEW THE SUPPORTING DOCUMENTATION AND PROVIDE US WITH PROOF OF PAYMENT OR CONTACT A THIRD PARTY TO OBTAIN PROOF OF PAYMENT.

IF WE DO NOT HEAR BACK FROM YOU BEFORE THE ABOVE AFOREMENTIONED DATE, WE WILL ASSUME THE DEBT IS VALID AND/OR WAS NOT PAID.

RESPECTFULLY,

CHRISTINA SORENSEN - EXT. 1528

ENCLOSED ATTACHMENTS

TO PAY BY CREDIT CARD VISIT US AT WWW.MLEONARDPAY.COM

THIS IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

24. Embodied in the letter from Defendant implies that a Lawsuit or Judgment had been entered against Plaintiff as court cost, attorney fees, and judgment interest was included for the sum total of the subject debt.

25. As of the date of this Complaint, Defendant has not filed a lawsuit against Plaintiff for the subject debt.

26. Defendant's conduct caused Plaintiff significant damages, including, but not limited to, emotional distress, mental anguish, and fear that a suit had been filed (or was imminent) and judgment obtained for subject debt.

27. Included in the items sent to Plaintiff was a North Valley Orthopedic Institute billing statement dated October 3, 2018.

28. The letter showed Defendant's attempt to conceal the contact information for North Valley Orthopedic Institute.

29. Upon information and belief, Defendant purposely withheld this information from Plaintiff to prevent any contact with North Valley Orthopedic Institute.

30. Plaintiff grew frustrated with Defendant's unfair practices as it prevented his ability to investigate the merits of the Defendant's contentions regarding the amount of the subject debt.

31. Included in Defendant's Letter was an itemized statement of the subject debt from 2016 through 2018, before the account was sent to collections.

32. Specifically, the itemized charges show there was no interest accumulating on the account while it was with North Valley Orthopedic Institute.

33. Plaintiff was concerned that interest only started to accrue on the account after it was sent to collections in late 2018. Upon provided information and belief, Defendant has been adding an egregious amount of interest to the subject debt.

34. Concerned that his statutory rights were violated, Plaintiff retained counsel to compel Defendant to cease its unlawful conduct.

## DAMAGES

35. After the discussion with Defendant's representative, Plaintiff was misled to believe that he could not able to communicate with North Valley Orthopedic Institute to investigate the merits of the Defendant's contentions regarding the amount of the debt.

36. The conundrum created by Defendant's deceptive collection practices caused Plaintiff significant emotional distress that he was sued and anxiety due to his current financial means.

37. Concerned with Defendant's abusive collection efforts, Plaintiff was forced to retain counsel to vindicate his rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

38. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**a. Violations of 15 U.S.C. § 1692e**

39. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt.

40. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to "take any action that cannot be legally taken or that is not intended to be taken."

41. Section 1692e(10) of the FDCPA prohibits a debt collector from using any "false representation or deceptive means to collect or attempt to collet any debt."

42. Defendant violated §§ 1692e(5) and e(10) by including in Defendant's Letter possible court cost, and judgment interest to the total of the subject debt.

43. This indicated that a lawsuit or judgment has been entered against Plaintiff for the

subject debt when it had no intention of initiating legal proceedings against Plaintiff.

44. Defendant's empty threat to initiate litigation against Plaintiff was deceptive because Defendant had no intent to initiate legal proceedings against Plaintiff and merely made the threat to coerce payment on the subject debt.

**b. Violations of 15 U.S.C. § 1692f**

45. Pursuant to § 1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt."

46. Section 1692f(1) of the FDCPA prohibits "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

47. Defendant violated § 1692f by employing unfair and unconscionable means to attempt to collect on the subject debt.

48. Specifically, Defendant's conduct in telling the Plaintiff and Mrs. Devine they were unable to investigate the merits as to the balance of subject debt with North Valley Orthopedic Institute directly is inherently unfair and unconscionable and is the precise conduct that the FDCPA was designed to punish.

49. In addition, Defendant violated § 1692f(1) by collecting 25% or $434.88 in interest not permitted or expressly authorized by the agreement creating the subject debt.

50. As pled above, Plaintiff was harmed by Defendant's unfair collection practices.

**WHEREFORE**, Plaintiff, RANDY E. DEVINE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial;

c. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

**Count II – Violations of §1788.17 of the RFDCPA**

13. Plaintiff restates and incorporates all paragraphs as if fully set forth herein.

14. California Civil Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j [of the FDCPA], inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

15. As stated above, Defendant violated 15 U.S.C. §§ 1692e, e(5), e(10), f and f(1) of the FDCPA, therefore violating Cal. Civ. Code § 1788.17.

**WHEREFORE**, Plaintiff, RANDY E. DEVINE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the RFDCPA;

b. Enjoining Defendant from sending similar collection letters to consumers;

c. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying RFDCPA violations;

d. Awarding Class Members statutory damages and actual damages;

e. Awarding the Plaintiff her costs and reasonable attorney's fees; and

f. Awarding any other relief as the Honorable Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

DATED: May 19, 2021

Respectfully submitted,

**RANDY E. DEVINE,**

*/s/ Alexander J. Taylor*

Alexander J. Taylor
SULAIMAN LAW GROUP LTD.
2500 South Highland Avenue,
Suite 200
Lombard, Illinois 60148
Telephone: (630) 537-1770
ataylor@sulaimanlaw.com
*Attorney for the Plaintiff*